**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TIKKI CARROLL, on behalf of herself and others similarly-situated,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 6:17-cv-00009** |
| v. | § § | |
| **DOLLAR GENERAL CORPORATION** | § § | **JURY DEMAND** |
| *Defendant.* | § § | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff TIKKI CARROLL ("Plaintiff" or "Carroll"), on behalf of herself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through her counsel, files this Collective Action Complaint against DOLLAR GENERAL CORPORATION (hereinafter "Defendant"), and seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I.   INTRODUCTION

1.  This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff CARROLL, on behalf of herself and all others similarly-situated, who were formerly or are currently employed as assistant managers or store managers by Defendant and were paid an hourly rate that failed to compensated them for overtime hours at a rate of at least one-and-one-half times their regular hourly rate, for damages resulting from Defendant's failure to comply with the minimum wage and overtime requirements of the FLSA.

2. Plaintiff CARROLL is one of a number of assistant managers and store managers who are or were formerly employed by Defendant and whose compensation was improper under the FLSA because Defendant failed to compensate them for their overtime hours at a rate of at least one and one-half times their regular hourly rate. As their employer, the Defendant required and/or permitted Plaintiff and the other assistant managers and store managers to routinely work in excess of forty (40) hours per week, but failed or refused to compensate them for such overtime hours worked in accordance with the FLSA. Specifically, Plaintiff and other assistant managers and store managers were paid on an hourly basis, were instructed not to submit overtime hours, and were not compensated for their overtime hours at a rate of at least one-and-one-half times their regular hourly rate. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

3. By failing and refusing to compensate Plaintiff and other similarly situated employees for their overtime hours, Defendant also violated the minimum wage provisions of the FLSA because the effective hourly rates paid to Plaintiff and other similarly situated employees was below the minimum wage rate mandated by the FLSA in certain weeks in which they worked overtime hours for which they were not compensated.

4. Because the Plaintiff and similarly situated employees are non-exempt covered employees pursuant to the Fair Labor Standards Act and have not been paid pursuant to the wage and hour provisions of the Fair Labor Standards Act by the Defendant, Plaintiff brings this action on behalf of herself and all other similarly situated employees, seeking legal and equitable relief provided under the FLSA.

5.     Defendant also failed to compensate Plaintiff for her accrued vacation time upon the termination of Plaintiff's employment. This forms the basis of Plaintiff's breach of contract claim.

## II.     JURISDICTION

6.     This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction of the claims asserted under Texas law pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b)(1) because a substantial portion of the events forming the basis of this Complaint occurred in this District and because Defendant resides in this District.

## III.     THE PARTIES

8.     Plaintiff CARROLL was at all material times one of a number of non-exempt employees employed by Defendant.  She presently resides in Texas and has been a resident of Texas during all material times.  Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

9.     Defendant DOLLAR GENERAL CORPORATION ("Dollar General" or "Defendant") is a Tennessee corporation with its principal place of business in Goodlettsville, Tennessee, and doing business in Texas, which can be served with process by serving its registered agent: TIKKI-1312.

## IV.     COVERAGE

10.     Defendant transacts business in Texas.

11.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

12. At all material times, Defendant has been an employer of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendant had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

14. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendant, who are covered by the FLSA because Defendant is a covered enterprise.

15. At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production for goods for commerce within the meaning of the FLSA.

## V.   GENERAL FACTUAL ALLEGATIONS

16. Defendant Dollar General is a Tennessee corporation which owns and operates a number of discount retail stores nationwide, including stores in Texas.

17. Plaintiff, and all others similarly-situated, at all material times, worked for Defendant as non-exempt assistant managers and store managers. Plaintiff and other similarly situated employees were and are covered by the same policies promulgated by Defendant related to their duties, pay, and non-exempt status, among others.

18. Plaintiff worked for Defendant from about September 2015 through September 2016 as an assistant manager and acting store manager. Plaintiff worked in Defendant's retail store in Tyler, Texas.

19. Plaintiff was paid an hourly rate and was repeatedly instructed not to submit her overtime hours because she would not be paid for working hours over 40 hours per week.

Plaintiff's clock-in and clock-out records show that Plaintiff frequently worked hours in excess of 40 hours per week, but Plaintiff was instructed to report only 40 hours per week regardless of the time she actually worked.

20. The instruction to report only 40 hours per week was made to assistant managers and store managers in numerous conference calls and meetings and Plaintiff is aware of other similarly situated non-exempt hourly employees.

21. Defendant employs a number of non-exempt hourly assistant managers and store managers and has promulgated policies whereby these non-exempt employees are not compensated for hours worked in excess of 40 hours per week at a rate of at least one-and-one-half times their regular hourly rate, and Defendant is obligated, pursuant to the FLSA, to maintain the records for the non-exempt employees' employment including, but not limited to, pay records.

22. Plaintiff and each of the non-exempt assistant managers and store managers regularly work and worked in excess of forty hours per week without overtime compensation at the rate of time and one-half their regular rate for hours worked in excess of 40 hours per week. Such conduct by Defendant is a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

23. Defendant refused to compensated Plaintiff and other similarly situated employees for hours worked in excess of 40 hours per week. This practice, at least in certain weeks, resulted in Plaintiff and other similarly situated employees getting paid at an effective hourly rate below the minimum wage mandated by the FLSA. *See* 29 U.S.C. § 206.

24. Defendant continued its unlawful payment practices and refused to compensated Plaintiff and other similarly situated employees for their overtime worked even after Plaintiff advised Defendant that its payment practices were unlawful and that Plaintiff was not compensated for her overtime hours as required by the FLSA.

25. For at least three (3) years prior to filing this Complaint (hereinafter the "Liability Period"), Defendant had a policy and practice of not correctly compensating its non-exempt hourly employees for work performed for the benefit of Defendant over and above forty (40) hours per week as required under the provisions of the FLSA, resulting in violations of both the minimum wage and the overtime provisions of the FLSA.

26. During Plaintiff's employment, she accrued paid vacation time in accordance with her employment agreement and Defendant's vacation policies. Plaintiff did not use that vacation time. Plaintiff's unused vacation time was owed to Plaintiff upon her termination, but Defendant has failed and refused to compensate Plaintiff for that time.

## VI. COLLECTIVE ACTION ALLEGATIONS

27. Paragraphs 1-24 are incorporated herein as if set forth in full.

28. Plaintiff (the "Collective Action Representative") brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as the representative of all similarly-situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> ***All employees currently or formerly employed by Defendant since January 4, 2014, as assistant managers or store managers who were paid an hourly rate and were not compensated at a rate of at least one-and-one-half times their regular hourly rate for all hours worked over forty (40) in a given workweek.***

29. This potential class of "opt-in" employees includes employees who were not compensated for all hours worked at a rate of at least the federal minimum wage because they worked hours in excess of 40 hours in a given week for which they were not compensated. This potential subclass of "opt-in" employees can be defined as:

> *All employees currently or formerly employed by Defendant since January 4, 2014, as assistant managers or store managers who were paid an hourly rate and were not compensated for all hours worked at a rate of at least $7.25 per hour, as mandated by the FLSA.*

30. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

31. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing or refusing to compensate its employees at a rate of at least one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week and Defendant's practice of failing or refusing to compensate its employees for all hours worked at a rate of at least $7.25 per hour.

32. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may be easily and quickly notified of the pendency of this action.

33. Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting. Plaintiff is aware of current and former employees of the Defendant that have been affected.

34. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

  (a)  Whether Plaintiffs were compensated for all hours worked;

  (b)  Whether Plaintiffs worked more than forty (40) hours per week;

  (c)  Whether Plaintiffs were compensated at time-and-one-half their "regular rate" for all hours worked over forty in any and all weeks;

  (d)  Whether Plaintiffs were compensated at a rate of at least the federal minimum wage for all hours worked in all weeks;

  (e)  Whether Defendant's practices accurately account for the time Plaintiffs actually were working;

  (f)  Whether Defendant's compensation policy and practice is illegal;

  (g)  Whether Defendant had a policy and practice of willfully failing to compensate employees for overtime; and

  (h)  Whether Defendant had a policy and practice of willfully failing to compensate employees for all hours worked at a rate of at least the federal minimum wage.

  35.  The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

  36.  The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

  37.  A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the similarly-situated current and former employees.  The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and

varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

38. The Collective Action Representative is an adequate representative of similarly-situated current and former employees because she is a former employee of the same entity and her interests do not conflict with the interests of the other similarly-situated current and former employees she seeks to represent. This is so because the Collective Action Representative worked for the Defendant and worked the hours which are the subject of this complaint and further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and her undersigned counsel.

39. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

### VII.   COUNT I
### (Violation of FLSA, 29 U.S.C. §§ 206 & 207)

40. Paragraphs 1-37 are incorporated herein as if set forth in full.

41. At all material times, Plaintiff was an employee of Defendant.

42. At all material times, Defendant, as more fully set forth above, required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate her for all such hours.

43. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

44. Such conduct by Defendant was additionally a violation of the FLSA which requires non-exempt employees to be compensated for their hours worked at a rate of at least $7.25 per hour. *See* 29 U.S.C. § 206.

45. Accordingly, Plaintiff and all persons similarly-situated have been deprived of overtime and minimum wage compensation in amounts to be determined at trial.

46. Further, Plaintiff and all persons similarly-situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

47. Finally, the claims in the action are subject to a three-year statute of limitations as opposed to two because the violations of the FLSA by the Defendant were willful. Specifically, the Defendant had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of at least $7.25 per hour for all hours worked and overtime compensation at a rate of at least one-and-one-half times their regular hourly rate for all hours worked beyond forty (40) per week. 29 U.S.C. § 255.

### VIII. COUNT II
**(Breach of Contract)**

48. Paragraphs 1-47 are incorporated herein as if set forth in full.

49. Plaintiff and Defendant entered into an agreement whereby Plaintiff would work for Defendant in exchange for certain compensation and benefits, including the accrual of paid vacation time. Over the course of Plaintiff's employment, plaintiff accrued about 40 hours of vacation time which Plaintiff had not used at the time of the termination of Plaintiff's

employment. Under the terms of the agreement between Plaintiff and Defendant, Defendant was obligated to pay Plaintiff her hourly rate for the unused vacation time upon the termination of Plaintiff's employment. Defendant breached this agreement when Defendant failed and/or refused to compensate Plaintiff for her unused vacation time. This breach has caused injury to Plaintiff.

## **PRAYER FOR RELIEF**

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper minimum wage and overtime compensation for hours worked in excess of forty (40) in a week;

(b) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid minimum wages owed for all hours worked and premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum wage and overtime compensation owed to them;

(d) issue an Order directing and requiring Defendant to pay Plaintiff damages resulting from Defendant's breach of contract, including actual and/or compensatory damages, consequential and incidental damages, and reasonable and necessary attorneys' fees and costs;

(e) issue an Order directing Defendant to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(f) issue an Order declaring Defendant's pay practices to be illegal and directing Defendant to comply with the FLSA;

    (g)    issue an Order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

    (h)    provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By: /s/ Charles W. Branham, III_____
Charles W. Branham, III
Texas Bar No. 24012323
Corinna Chandler (of counsel)
Texas Bar No. 24061272
DEAN OMAR & BRANHAM, LLP
3900 Elm Street
Dallas, Texas 75201
214-722-5990
214-722-5991 (fax)
tbranham@dobllp.com
cchandler@dobllp.com

**ATTORNEYS FOR PLAINTIFF**